IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT HILDRETH, # N-94795, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-831-NJR |
| | ) |
| KIM BUTLER, | ) |
| UNKNOWN PARTIES, | ) |
| C/O DeJOHN, | ) |
| SGT. BENETT, | ) |
| C/O MOUI, | ) |
| LT. TORIVILLE, | ) |
| DR. RAHREM, | ) |
| C/O CHANDLER, | ) |
| and J. LASHBROOK, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff is currently incarcerated at Menard Correctional Center ("Menard"), where he is serving a life sentence. He brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, and he also asserts violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132.

Plaintiff suffers from Parkinson's disease, which impairs his ability to write legibly, as well as to walk and engage in other physical activity. The handwritten portion of Plaintiff's complaint is only marginally readable. He attaches some typewritten material, but the information contained in these pages is insufficient to state a claim upon which relief may be granted against any of the named Defendants. Further, it is not clear what relief Plaintiff is seeking.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

To the extent the Court can discern the allegations in Plaintiff's pleading, he appears to be raising the following claims, which for convenience, the Court shall designate as Counts 1

through 7. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** Due Process/Equal Protection claim for grievances that were misconstrued or not answered;

**Count 2:** Violation of the Americans with Disabilities Act and failure to provide necessary accommodations for Plaintiff's impairments from Parkinson's disease;

**Count 3:** Denial of access to the courts in connection with the dismissal of a case Plaintiff filed in the Randolph County Circuit Court;

**Count 4:** Deliberate indifference to Plaintiff's medical condition, in that his prescribed medications were allowed to run out, he was not timely referred to a specialist, and he suffers from ongoing pain;

**Count 5:** Plaintiff was housed under unsanitary conditions, including being deprived of clean bedding when it became soiled with human waste;

**Count 6:** Plaintiff was subjected to verbal assaults and harassment by prison guards;

**Count 7:** Plaintiff's personal property was lost or destroyed in April 2014.

In addition to its illegibility and fragmented nature, the complaint fails to connect any of the named Defendants with the conduct or incidents that allegedly violated Plaintiff's constitutional or statutory rights. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). In order to state a claim against a Defendant, a plaintiff must describe what each named Defendant did (or failed to do), that violated the plaintiff's constitutional rights. In the few instances where Plaintiff mentions a Defendant by name, his factual allegations are too sketchy to articulate a cognizable claim against the party. For these reasons, the complaint (Doc. 1) shall be dismissed without

prejudice, and Plaintiff shall be allowed an opportunity to submit an amended complaint, to correct the deficiencies in his pleading.

When re-pleading his claims, Plaintiff should keep in mind that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(b), (g)).

In addition, due to the insufficiencies of the original complaint, the Court has not made a determination as to the viability of Plaintiff's claims; some of the above Counts may be subject to dismissal under § 1915A for failure to state a claim upon which relief may be granted, even after the factual content is fleshed out.

**Motion for Recruitment of Counsel (Doc. 3)**

Plaintiff has requested the Court to appoint him an attorney to assist with his prosecution of the case. The dismissal of the complaint without prejudice raises the question of whether Plaintiff is capable of drafting a viable, and legible, amended complaint without the assistance of counsel.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). The Court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in the district. *See Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (a court has discretion to recruit counsel, and lawyers have "obligations to their calling") (citing

*Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989)). In recognition of the burden such an assignment imposes upon the practicing bar, the Local Rules provide that such a request will not be more than once during a twelve-month period. SDIL-LR 83.1(i).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 654). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff's motion does not indicate that he has made any efforts to secure counsel; rather, he notes that his inability to write legibly and very limited access to a typewriter have hindered his attempts to communicate with potential attorneys (Doc. 1, p. 7; Doc. 3). The complaint illustrates this problem. These circumstances sufficiently demonstrate that Plaintiff has been "effectively precluded" from seeking counsel on his own. *See Pruitt*, 503 F.3d at 654. As to the second prong of the inquiry, the case does not appear to be overly complex, and Plaintiff's competence is not in question. His ability to communicate, however, particularly in writing, is significantly impaired. As a result, it appears that Plaintiff will be unable to prepare pleadings or motions, let alone respond to the same, without assistance. The appointment of counsel will also greatly assist the Court in addressing Plaintiff's claims as this litigation proceeds.

Plaintiff's indigence is demonstrated by his motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2). This motion remains pending because the Court has yet to receive the trust fund documentation necessary to calculate Plaintiff's installment payments.

Accordingly, Plaintiff's motion for the recruitment of counsel (Doc. 3) is **GRANTED**. A member of the district court bar has been randomly selected through the CM-ECF system for assignment to represent Plaintiff in this action. Therefore, pursuant to Local Rule 83.1(i), attorney **Grant J. Mabie**, of Sauerwein Simon, P.C., 147 N. Meramec Ave., St. Louis, Missouri 63105-3767, is hereby **APPOINTED** to represent Plaintiff for all further proceedings *in this case and in this Court only*. The Clerk of Court is **DIRECTED** to send a copy of the standard letter concerning appointment of counsel to Attorney Mabie immediately.

Counsel is free to share responsibilities with an associate who is also admitted to practice in this district court. On or before **September 3, 2015**, assigned counsel shall enter his appearance in this case, and shall contact Plaintiff as soon as possible. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

Counsel is directed to prepare a First Amended Complaint on Plaintiff's behalf, which shall be filed within **three months** of the entry of this order. While the Court has designated Plaintiff's potential claims as Counts 1-7 above, the First Amended Complaint may add new claims, or may exclude any of these designated claims, as may be determined upon Plaintiff's consultation with appointed counsel. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Counsel, of course, maintains an ethical obligation to fully and vigorously represent his client, but only to the extent that it does not impede his ethical obligation to follow the rules of this Court and the law. If Plaintiff wants to remain represented by counsel, he will have to

cooperate fully with his attorney. **The Court will not accept any filings from Plaintiff individually while he is represented by counsel,** *except* a pleading that asks that he be allowed to have counsel withdrawn from representation. If counsel is allowed to withdraw at the request of Plaintiff, it is unlikely the Court will appoint other counsel to represent him.

Because Plaintiff has requested leave to proceed *in forma pauperis*, if there is a monetary recovery in this case, **any unpaid out-of-pocket costs must be paid from the proceeds.** *See* **SDIL LR 3.1(c)(1).** If there is no recovery (or the costs exceed any recovery), the Court has the discretion to reimburse expenses. The funds available for this purpose are limited, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. **Counsel is encouraged to enter into a contingent fee contract with Plaintiff to address both the payment of attorney's fees and costs should Plaintiff prevail.**

Finally, counsel is informed that Plaintiff is currently incarcerated by the Illinois Department of Corrections ("IDOC") at Menard Correctional Center. Information about the facility is located at http://www.illinois.gov/idoc/Pages/default.aspx. The Court expects that counsel may use the IDOC's videoconferencing system, if available at Menard, to confer with Plaintiff.

**Pending Motion**

Plaintiff's motion for leave to proceed IFP (Doc. 2) shall be addressed in a separate order, following the receipt of his inmate trust fund statements as directed in Doc. 5.

**Disposition**

The Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim

upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's First Amended Complaint shall be filed on or before **November 20, 2015**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 20, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**