IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT HILDRETH, # N-94795, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-831-NJR |
| | ) |
| KIM BUTLER, | ) |
| UNKNOWN PARTIES, | ) |
| C/O DeJOHN, | ) |
| SGT. BENETT, | ) |
| C/O MOUI, | ) |
| LT. TORIVILLE, | ) |
| DR. RAHREM, | ) |
| C/O CHANDLER, | ) |
| and J. LASHBROOK, | ) |
| | ) |
| Defendants. | ) |

## ORDER ASSIGNING *PRO BONO* COUNSEL

**ROSENSTENGEL, District Judge:**

Plaintiff Scott Hildreth is an inmate in the custody of the Illinois Department of Corrections, currently housed in Menard Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brought this action for deprivations of his constitutional rights and violations of the Americans with Disabilities Act. Some of his claims are related to his serious Parkinson's Disease symptoms. Upon preliminary review, the Court recognized several potential claims, but concluded that the complaint, much of which was illegible because Plaintiff's ability to write is impaired, failed to state a claim upon which relief may be granted (*see* Doc. 6). The Court dismissed the original complaint, granted Plaintiff's motion for recruitment of counsel, and directed *pro bono* counsel to prepare an amended pleading on Plaintiff's behalf. The Court has

recruited, in succession, two attorneys to represent Plaintiff. Both have been relieved of the appointment for good cause shown. Plaintiff is still in need of the assistance of counsel.

28 U.S.C. § 1915(e)(1) anticipates that the Court may request that an attorney represent a person, thereby ensuring the orderly prosecution of litigation in the district. *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (a court has discretion to recruit counsel, and lawyers have "obligations to their calling") (citing *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989)). In recognition of the burden such an assignment imposes upon the practicing bar, the Local Rules provide that such a request will not be made more than once during a twelve-month period. SDIL-LR 83.1(i). Because the Court was unable to find a volunteer to take Plaintiff's case, a member of the district court bar has been randomly selected through the CM-ECF system for assignment to represent Plaintiff Hildreth in this action.

**IT IS HEREBY ORDERED** that, in accordance with 28 U.S.C. § 1915(e)(1) and Local Rule 83.1(i), attorney **DEREK RUZICKA** of Pitzer, Snodgrass, P.C., 100 S. Fourth St., Suite 400, St. Louis, MO 63102-1821, is **APPOINTED** to represent Plaintiff Hildreth for all further proceedings *in this civil rights case and in this Court only*. Mr. Ruzicka is free to share responsibilities with an associate who is also admitted to practice in this district court. On or before **December 15, 2015**, assigned counsel shall enter his appearance in this case, and he shall personally contact Plaintiff as soon as possible. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

Counsel is directed to prepare a First Amended Complaint on Plaintiff's behalf, which shall be filed on or before **March 1, 2016**. While the Court has designated Plaintiff's potential claims as Counts 1-7 in the Order at Doc. 6, the First Amended Complaint may add new claims, or may exclude any of these designated claims, as may be determined upon Plaintiff's

consultation with appointed counsel. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff Hildreth is **ADVISED** that the Court will not accept any filings from him individually while he is represented by counsel, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Plaintiff and his counsel are **ADVISED** that, because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses. Section 2.6 of this Court's Plan for the Administration of the District Court Fund also provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no other authority to pay attorney's fees in this case. **Counsel is encouraged to enter into a fee contract with Plaintiff to address both the payment of attorney's fees and costs should Plaintiff prevail.**

Finally, counsel is informed that Plaintiff is currently incarcerated by the Illinois Department of Corrections ("IDOC") at Menard Correctional Center. Information about the facility is located at http://www.illinois.gov/idoc/Pages/default.aspx. The Court expects that counsel may use the IDOC's videoconferencing system, if available at Menard, to confer with Plaintiff.

The Clerk of Court is **DIRECTED** to send a copy of the standard letter concerning appointment of counsel to attorney Ruzicka immediately. The Clerk shall also send copies of this Order, the docket sheet, and Docs. 1 and 6 to attorney Ruzicka.

**IT IS SO ORDERED.**

**DATED: December 1, 2015**

*(signed)* Nancy J. Rosenstengel

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**