IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT HILDRETH, # N-94795, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KIM BUTLER, NEAL R. SCHWARZ, LORI ) <br> OAKLEY, MARVIN BOCHANTIN, ) <br> JACQUELINE LASHBROOK, DAWN ) <br> MARCINKOWSKA, DAVID L. DWIGHT, ) <br> WEXFORD HEALTH, JOHN DOE AND ) <br> JANE DOE, ) <br> ) <br> ) <br> ) <br> Defendants. ) ) | Case No.: 15-cv-831-NJR <br><br><br><br><br><br><br><br> **PLAINTIFF DEMANDS JURY TRIAL** |

## *PLAINTIFF'S COMPLAINT*

COMES NOW Plaintiff Scott Hildreth, #N-94795, by and through counsel, pursuant to Federal Rule of Civil Procedure 8 and others, for his Complaint against the various defendants, and states as follows:

### *BACKGROUND*

1. Plaintiff is incarcerated at Menard Correctional Center in Menard, Illinois and was so at all relevant times herein discussed.

2. At all relevant times, Plaintiff has and continues to suffer from Parkinson's Disease for which he receives medication and medical care through the correctional system.

3. As a sufferer of Parkinson's Disease, Plaintiff is susceptible to "freezing" episodes, making him unable to move; developing loss of balance; shuffles his feet to move; has hand tremors; and has loss of concentration, each of which substantially impair his ability

to engage in major life activities, including the inability to write legibly while suffering from his symptoms. As a result, the use of a word processor and/or typewriter is necessary for Plaintiff to correspond with necessary individuals and/or the Court as relevant to his pending criminal matters.

4. Plaintiff is disabled as a result of his debilitating disease.

5. Defendants Kim Butler, Neal Schwarz, Lori Oakley, Marvin Bochantin, Jacqueline Lashbrook, and John and Jane Doe, all individually and in their official capacities, have refused to provide adequate accommodations to Plaintiff given his disabilities, for which each had knowledge, including unfair and limited access to the law library.

6. Defendants have repeatedly refused to implement adequate medication refill procedures, such that the Defendants systematically, deliberately, recklessly, and/or intentionally allow Plaintiff's medically necessary prescription medications to lapse, thereby causing him to suffer further disabling symptoms of Parkinson's Disease and which make him susceptible to loss of balance, pain, suffering, and falls.

7. Plaintiff has repeatedly filed grievances to address the inadequacy of his accommodations and the repeated, ongoing, and cyclical lapses in his prescription medication, but in every instance has been denied reasonable relief or told his grievance is moot because his medication was refilled before his grievance was addressed.

8. As a result, Plaintiff has exhausted all administrative remedies.

## *JURISDICTION AND VENUE*

9. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 for deprivation of rights secured by the Eighth Amendment, the Fourteenth Amendment of the United States Constitution. The Court has jurisdiction over this action under 42 U.S.C. § 1983, 28

U.S.C. § 1343 and 28 U.S.C. § 1331. Plaintiff invokes the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367 to hear and decide Plaintiff's claims arising under Illinois state law.

10. Further, Plaintiff's claims pertaining to equal access to the law library arise out of and pursuant to Title II of the American's With Disabilities Act ("ADA"), 42 U.S.C. § 12132, *et seq.*

11. This Court has personal jurisdiction over Defendants because the acts and omissions at issue all occurred at the Menard Correctional Center in Menard, Illinois.

12. Venue is proper because the events described herein all occurred at Menard Correctional Center in Menard, Illinois.

## *THE PARTIES*

13. Plaintiff Scott Hildreth is an individual incarcerated at Menard Correctional Center and was, at all times herein discussed, present therein.

14. At all relevant times, Defendant Kimberly Butler has been the ADA Coordinator and, subsequently, Warden of the Menard Correctional Center. She is sued in her individual and official capacities.

15. At all relevant times, Defendant Neal Schwarz was and/or is a Correctional Counselor at Menard Correctional Center. He is sued in his individual capacity and official capacity.

16. At all relevant times, Defendant Lori Oakley was and/or is a Grievance Officer at Menard Correctional Center. She is sued in her individual capacity and official capacity.

17. At all relevant times, Defendant Marvin Bochantin was and/or is a Grievance Officer at Menard Correctional Center. He is sued in his individual capacity and official capacity.

18. At all relevant times, Defendant Jacqueline Lashbrook was and/or is ADA Coordinator and/or Assistant Warden of Programs at Menard Correctional Center. She is sued in her individual and official capacities.

19. At all relevant times, Defendant Dawn Marcinkowska was and/or is a Correctional Counselor II at Menard Correctional Center. She is sued in her individual and official capacities and was personally involved in the deprivation of Plaintiff's library access rights.

20. At all relevant times, Defendant David Dwight was and/or is an Office Coordinator at Menard Correctional Center. He is sued in his individual and official capacities and was personally involved in the deprivation of Plaintiff's library access rights.

21. At all relevant times, Wexford Health was the health care contractor for Menard Correctional Center. Wexford Health is a foreign corporation authorized to do business in the State of Illinois with its registered agent located at 801 Adlai Stevenson Drive, Springfield, Illinois. As the healthcare contractor hired to administer and manage healthcare of incarcerated persons at Menard Correctional Center, Wexford was in charge of ordering and managing medication and other medical supplies, among other things, for its patients.

22. Additional Defendants John and Jane Doe are believed to have acted deliberately and intentionally at various times in connection with each of the claims expressed herein, but their names are not presently known. Such individuals include the nurse(s) to whom Plaintiff complained about his medication lapses, the Wexford Health Sources, Inc., employees who deliberately, intentionally, and/or recklessly ignored Plaintiff's pleas to

{01618481.DOCX;1}

refill his prescriptions, and/or systematically refused to provide adequate medical care, despite having knowledge of Plaintiff's debilitating disease.

### *COUNT I – DISCRIMINATION AND DEPRIVATION OF RIGHTS*

COMES NOW Plaintiff Scott Hildreth, by and through counsel, for his Count I – Discrimination (Law Library – ADA – Injunctive Relief) against Defendants Kim Butler, Neal Schwarz, and Jacqueline Lashbrook in their individual and official capacities, and in support of the same, states as follows:

23. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 22, as though fully and individually set forth in this Count I.

24. Count I is hereby alleged against Defendants Butler, Schwarz, Oakley, Lashbrook, Marcikowska, and Dwight (hereinafter referred to as "Defendants"), individually and in their official capacities.

25. Plaintiff brings this claim pursuant to Title II of the ADA for unfair and improper discrimination against him, a qualifying disabled person.

26. Further, Plaintiff is entitled to equal protection and due process of law under the Eighth and Fourteenth Amendments of the United States Constitution and, as set for the herein, is being denied the same by the Defendants.

27. Plaintiff, as a sufferer of Parkinson's Disease, is a qualified individual with a disability as defined under 42 U.S.C. § 12131(2).

28. Plaintiff has a right of equal and fair access to the law library for research and other relevant issues surrounding his pending criminal appeals.

29. The above-named Defendants have intentionally limited and/or acted with deliberate indifference to limit Plaintiff's access to the library and continue to do so without

permitting adequate accommodations for his disability, including the provision of a word processor, typewriter, or access to the law library at least 3 times per week. Indeed, the Defendants have denied Plaintiff access to the law library completely as recently as March and/or April, 2016.

30. At various times between 2012 and present, Plaintiff has personally requested accommodation for his ADA disability from each of the Defendants. Each Defendant, sometimes acting individually and other times acting in concert with one or more other Defendants, refused to grant Plaintiff the access and relief he needs. Such occurrences are noted in grievances filed by Plaintiff and to which Defendants have access and participated individually.

31. Law Library access at a frequency of 3 times per week was previously granted to Plaintiff as recently as January, 2015, but is now being denied are the direction of Defendant. Such deprivation of Plaintiff's rights are continuous, ongoing and persistent.

32. As of January 9, 2015, Plaintiff was permitted access to the law library 3 days a week between 8am and 1pm, even on level 4 lockdowns. During his law library visits, Plaintiff was able to use the computer information and/or word processors or typewriters to correspond with individuals outside the Correctional Center, including his attorney(s) and the Court with respect to his pending criminal matters.

33. Such access to the law library at a frequency of 3 times per week was a reasonable accommodation given his inability to engage in major and/or daily life activities and the programs offered by the Correctional Center due to his Parkinson's Disease.

34. In or about June, 2015, however, Defendants intentionally removed Plaintiff's access to the law library, instead, assigning him another inmate as an attendant as alleged

{01618481.DOCX;1}

accommodation for his inability to legibly write. Such assignment, however, is and was inadequate as, without law library access, Plaintiff cannot perform legal research and is forced to choose between confiding in the prisoner/attendant on confidential and otherwise legally privileged matters.

35. Plaintiff has filed repeated grievances praying for administrative relief, including the renewal of his law library access, but has been denied and told he was issued an attendant, instead. Defendants thereafter rejected his pleas for relief and Plaintiff appealed the same.

36. Further, Plaintiff, as a qualifying disabled individual, is limited in his recreational activities due to his limited ability to ambulate and, thus, cannot engage in recreational activities such as exercise or going to the yard when experiencing his symptoms. Plaintiff is also unable to correspond with his court appointed counsel in his pending criminal case in Cook County, Illinois.

37. Granting Plaintiff to access the law library permits Plaintiff to substantially engage in major life activities such as reading, writing, and problem solving, which are one of the few forms of recreation available to him.

38. The Defendants' intentional acts and/or deliberate indifference work to prohibit Plaintiff from accessing the law library and its computers/word processors have prevented and continue to prevent the Plaintiff from participating in or benefiting from prison programs and services due to his disability.

39. Further, Defendants knew of Plaintiff's disability, including his inability to write legibly and to engage in major life activities and recreational programs offered by the Correctional Center.

40. Defendants knew of Plaintiff's clearly established rights under the United States Constitution and the American's With Disabilities Act.

41. Notwithstanding such knowledge, Defendants have denied, and continue to deny, Plaintiff equal and reasonable accommodations for his disability.

42. Defendants' actions in such denial of access of the law library and, as a result, the courts, have no reasonable penal basis and are merely intended to deprive Plaintiff of his equal protection and benefits of the law, equal privileges and immunities under the law, and due process in violation of the Eighth Amendment, the Fourteenth Amendment, and 42 U.S.C. § 12132.

43. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer from the denial of his rights and privileges.

44. Accordingly, Plaintiff respectfully prays that an Order of Injunction be entered requiring the Defendants, in their official capacities, to grant the Plaintiff access to the law library at least three times per week and also to enjoin the Defendants' from their ongoing deprivation of Plaintiff's rights as there are no other remedies which would compensate Plaintiff for future deprivation of his rights.

45. With regard to the past deprivation of his constitutional rights and discrimination against him as a disabled individual, Plaintiff prays for recovery of compensatory damages, plus interests and costs.

46. Further, pursuant to 42 U.S.C. § 1988, Plaintiff prays for his costs and reasonable attorneys' fees and costs, plus interest as allowable by federal law.

47. Defendants' reckless and deliberate infraction of Plaintiff's constitutional rights and discrimination against him as a disabled person were willful and wanton and punitive damages are also proper as a result.

48. Plaintiff has exhausted all other remedies.

WHEREFORE, as more fully set forth herein, Plaintiff Scott Hildreth respectfully prays that this Court enter an Order of Injunctive against the Defendants named herein, in their official capacities, requiring that Plaintiff be granted reasonable access to the law library three days per week, that he be provided with a word processor to permit him to engage in private communications, that the Defendants' be ordered to cease their deprivation of Plaintiff's rights and discrimination against him, and for his costs expended herein, including all reasonable attorneys' fees, plus punitive damages, and for further relief as this Court deems just and proper.

## *COUNT II – DELAYED MEDICAL ATTENTION*

COMES NOW Plaintiff Scott Hildreth, by and through counsel, for his Count I – Discrimination (Law Library – ADA – Injunctive Relief) against Defendants Kim Butler, Neal Schwarz, and Lori Oakley in their individual and official capacities, and in support of the same, states as follows:

49. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 48 of this Complaint as though fully set forth herein.

50. Plaintiff's claims herein arise out the Eighth and Fourteenth Amendments of the United States Constitution.

51. Plaintiff has been diagnosed and suffers from Parkinson's Disease.

52. Plaintiff receives medical care through the Correctional Center.

53. As part of Plaintiff's treatment, he has been prescribed a medication known as Mirapex.

54. Mirapex helps reduce the Plaintiff's symptoms, allowing him to ambulate with less difficulty, and helps reduce his susceptibility to falling.

55. Plaintiff has received this medication and/or a substitute for more than a year.

56. Plaintiff's prescriptions must be refilled to prevent relapses and/or worsening of his symptoms.

57. Plaintiff's prescriptions have run out multiple times and have not been refilled within a reasonable amount of time, thus causing Plaintiff to suffer symptom relapses and withdrawal symptoms such as dizziness, headaches, and confusion.

58. In that time, Plaintiff has informed Correctional Center employees, including the Defendants listed herein, and medical contractors of his need to refill his prescriptions.

59. The Correctional Center employees, including the Defendants listed herein, have failed to timely refill and/or restock Plaintiff's medicine.

60. Plaintiff has filed multiple grievances in this regard. When prison staff finally addressed the grievances, Plaintiff was informed his grievances were moot because the medicine had been restocked. Plaintiff was also told by Correctional Center employees that the medicine was "non-formulary" and that it was not regularly kept in stock, despite the fact that the medical staff and correctional officers knew of Plaintiff's debilitating and disabling condition and his ongoing need for the medicine, having been specifically informed of the same by Plaintiff and as reported in his medical records which are kept by the Correctional Center and its medical contractor.

61. Such lapses in prescription refills have occurred cyclically and systematically and, upon information, Plaintiff believes such cycle will continue with him and those similarly situated.

62. Each of the above named Defendants, despite knowing of Plaintiff's disabilities, recklessly and with deliberate indifference to his medical needs deprived him of his rights and equal protection and enjoyment under the law.

63. Each of the above named Defendants received Plaintiff's requests for his medication, but failed to timely provide refills such that they were deliberately indifferent to his medically necessary medicine and such indifference caused Plaintiff to suffer physical injury in the form of withdrawal symptoms and relapses and/or worsening of his Parkinson's disease symptoms.

64. Each of the above named Defendants were involved in receipt of Plaintiff's grievances, eventual denial of relief of the grievances, and, in doing so, were deliberately indifferent to Plaintiff's known medical necessity.

65. As a result, Plaintiff has suffered and will continue to suffer from cyclical lapses in his necessary medication.

66. Plaintiff herein prays for an Order of Injunction, enjoined the Defendants from permitting Plaintiff's medication to lapse in the future.

67. As to his past pain and suffering, Plaintiff prays for compensatory damages for his pain and suffering stemming from his lapses in medication and for punitive damages warranted by the Defendants' reckless, willful and wanton misconduct in deliberately ignoring his pleas.

WHEREFORE, as more fully set forth herein, Plaintiff Scott Hildreth respectfully prays that this Court enter an Order of Injunctive against the Defendants named herein, in their official capacities, requiring that Plaintiff's medication be timely refilled, that the Defendants' be ordered to cease their deprivation of Plaintiff's rights and discrimination against him, and for

{01618481.DOCX;1}

compensatory damages for his pain and suffering, his costs expended herein, including all reasonable attorneys' fees, plus punitive damages, and for further relief as this Court deems just and proper.

### COUNT III – DELAYED MEDICAL CARE

68. Plaintiff hereby re-alleges and incorporates his allegations in paragraphs 1-22 and 49-65 as though fully set forth herein.

69. Defendant Wexford is the medical contractor at Menard Correctional Center.

70. Defendant Wexford is liable to the Plaintiff because it maintains an unconstitutional policy and adopts a custom of deliberate indifference to the known and obvious consequence of its practices.

71. Defendant Wexford supports a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of prisoners. This corporate policy is the moving force behind the constitutional violations.

72. This policy has directly and proximately caused Plaintiff to suffer relapses of his Parkinson's symptoms, thereby resulting in pain and suffering.

73. This policy includes intentionally not refilling its stock of Parkinson's medicine such that Plaintiff's prescriptions can be refilled in a timely manner, which would avoid his relapses, pain, and suffering.

74. This policy is motivated, in part, by the deliberate indifference to Plaintiff's and others' medical needs, which are placed at a lower priority than Wexford's business interests, including its profits.

75. Wexford has an obligation and a duty to provide Plaintiff with adequate and timely medical care, including the seasonable refilling of his prescriptions.

76. Wexford has failed to provide such care and has done so with deliberate indifference to Plaintiff's needs.

77. Defendant Wexford is liable for punitive damages due to its willful and wanton disregard for Plaintiff's needs.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against Defendant Wexford for (i) damages for the violation of his rights and compensation for his pain and suffering due to the injury mentioned above, (ii) damages for emotional distress suffered due to the conditions mentioned above, (iii) the costs of this suit, including reasonable attorneys' fees, and (iv) for further relief as this Court deems just and proper.

Derek P. Ruzicka #6298671
Attorney for Plaintiff
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

### AFFIDAVIT OF SERVICE

I, the undersigned, certify that copy of the foregoing has been electronically served on all counsel of record via the Court's CM/ECF system, or U.S. mail for parties not registered with CM/ECF, on this 13th day of April, 2016.

Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

{01618481.DOCX;1}