IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT HILDRETH, # N-94795, )<br>)<br>         **Plaintiff,** )<br>)<br>vs. )<br>)<br>KIM BUTLER, NEAL R. SCHWARZ, )<br>LORI OAKLEY, MARVIN BOCHANTIN, )<br>JACQUELINE LASHBROOK, )<br>DAWN MARCINKOWSKA, )<br>DAVID L. DWIGHT, )<br>WEXFORD HEALTH, )<br>JOHN DOE and JANE DOE, )<br>)<br>         **Defendants.** ) | Case No. 15-cv-831-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for review of Plaintiff's amended complaint (Doc. 26), filed on April 13, 2016, by recruited counsel at the direction of the Court. The complaint raises the following claims:

> **Count 1 – Discrimination and Deprivation of Rights,** against Defendants Butler, Schwarz, Oakley, Lashbrook, Marcikowska, and Dwight, for discriminating against Plaintiff and denying him reasonable accommodation for his disabling Parkinson's disease condition (specifically, access to the prison law library), in violation of the Americans With Disabilities Act and 42 U.S.C. § 1983;
>
> **Count 2 – Delayed Medical Attention**, against Defendants Butler, Schwarz, and Oakley, for failing to timely refill Plaintiff's necessary prescription medications, causing his Parkinson's symptoms to worsen and causing serious withdrawal side effects, in violation of the Eighth and Fourteenth Amendments;
>
> **Count 3 – Delayed Medical Attention**, against Defendant Wexford Health, for maintaining policies and customs that caused the violations in Count 2.

Plaintiff seeks injunctive relief as well as damages.

Each of the three counts above states a cognizable constitutional claim that merits further review. Accordingly, this matter shall be referred to the United States Magistrate Judge for consideration.

**Pending Motion**

Plaintiff filed a *pro se* motion for accommodation of his disabilities (Doc. 19), apparently before he received the order appointing recruited counsel to represent him in this matter. The Court reserved ruling on this motion (Doc. 20), pending the receipt of Plaintiff's amended complaint. This motion for accommodation (Doc. 19) shall be referred to United States Magistrate Judge Wilkerson for further consideration. Should counsel wish to file an amended motion, he shall promptly advise the Court.

**Disposition**

The Clerk of Court shall prepare for Defendants **BUTLER, SCHWARZ, OAKLEY, BOCHANTIN, LASHBROOK, MARCINKOWSKA, DWIGHT,** and **WEXFORD HEALTH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if

not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the Unknown (John/Jane Doe) Defendants until such time as Plaintiff has identified them by name. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS SO ORDERED.**

DATED: April 29, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**