**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| SCOTT HILDRETH, #N-94795, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 15-831-NJR-DGW |
| | ) | |
| KIM BUTLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

NOW COME Defendants, KIM BUTLER, NEAL R. SCHWARZ, LORI OAKLEY, MARVIN BOCHANTIN, JACQUELINE LASHBROOK, DAWN MARCINKOWSKA, and DAVID L. DWIGHT, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint [d/e 26], stating as follows:

**BACKGROUND**

1. These Defendants admit the allegations contained in Paragraph 1 of Plaintiff's complaint.

2. These Defendants have insufficient information to admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint and, therefore, deny the same.

3. These Defendants have insufficient information to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint and, therefore, deny the same.

4. These Defendants have insufficient information to admit or deny the allegations contained in Plaintiff's Complaint and, therefore, deny the same.

5. These Defendants deny the allegations contained in Paragraph 5 of Plaintiff's Complaint. No response is made on behalf of either John or Jane Doe.

6. These Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. These Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. These Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

9. These Defendants admit the Court has jurisdiction but denies there are valid federal or state claims against the Defendants.

10. These Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. These Defendants admit the Court has personal jurisdiction but deny the Plaintiff states a claim upon which relief can be granted against these Defendants.

12. These Defendants admit that venue is proper however, these Defendants deny that Plaintiff states a claim upon which relief can be granted against these Defendants.

## THE PARTIES

13. Upon information and belief, Defendants admit Paragraph 13 of Plaintiff's Complaint.

14. Defendants admit the allegations contained in Paragraph 14 of Plaintiff's Complaint

15. Defendants admit the allegations contained in Paragraph 15 of Plaintiff's Complaint

16. Defendants admit the allegations contained in Paragraph 16 of Plaintiff's Complaint

17. Defendants admit the allegations contained in Paragraph 17 of Plaintiff's Complaint

18. Defendants admit the allegations contained in Paragraph 14 of Plaintiff's Complaint

19. Defendants admit the allegations that Defendant Marcinkowska was a Correctional Counselor II at Menard correctional Center and that she is sued in her individual and official capacity. However, these Defendants deny the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendants admit the allegations that Defendant Dwight was an Office Coordinator at Menard correctional Center and that he is sued in his individual and official capacity. However, these Defendants deny the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendants admit the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. No response is made on behalf of the John or Jane Doe.

## COUNT I- DISCRIMINATION AND DEPRIVATION OF RIGHTS

23. Defendants incorporate their responses to the allegations to Paragraphs 1 through 22 as their response to Paragraph 23 of Plaintiff's Complaint.

24. Defendants make no reply to this paragraph as there is no actual allegation.

25. Defendants admit that Plaintiff is bringing a claim pursuant to Title II of the ADA for unfair and improper discrimination against him. However, Defendants deny Plaintiff states a claim upon which relief can be granted.

26. Defendants admit that Plaintiff is entitled to equal protection and due process of law. However, Defendants deny the remaining allegations of Plaintiff's complaint.

27. Defendants have insufficient information to admit or deny the allegations contained in Paragraph 27 and, therefore, deny the same.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.   Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.   Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.   Defendants admit that Plaintiff was granted law library access at a frequency of 3 times per week. However, Defendants deny the remaining allegations contained in Paragraph 31 of Plaintiff's complaint.

32.   Defendants admit the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.   Defendants deny the allegations contained in Paragraph 33 of Plaintiff's complaint.

34.   Defendants deny the allegations contained in Paragraph 34 of Plaintiff's complaint.

35.   Defendants admit that Plaintiff has filed some grievances. However, Defendants deny the remaining allegations contained in Plaintiff's Complaint.

36.   Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.   There is no allegation against these defendants.  To the extent that there is an allegation against these Defendants, Defendants deny such allegations.

38.   Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.   Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.    Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.   Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.    Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.    Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.    Defendants deny that Plaintiff is entitled to injunctive relief.  Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.    Defendants deny that Plaintiff is entitled to any damages of any type.

46.    Defendants deny that Plaintiff is entitled to costs and reasonable attorneys' fees and costs, plus interest.

47.    Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.    Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

WHEREFORE, Defendants request the Court deny Plaintiff's request for injunctive relief, and further deny Plaintiff all requested relief as Plaintiff has failed to state a claim upon which relief can be granted.

## COUNT II– DELAYED MEDICAL ATTENTION

NOW COME Defendants KIM BUTLER, NEAL SCHWARZ and LORI OAKLEY and for their Answer to Count II, state as follows:

49.    These Defendants restate their responses to 1-48 to this Complaint as their response to 49 of this Complaint.

50.    These Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.    These Defendants admit the allegations of Paragraph 51 of Plaintiff's Complaint.

52.    These Defendants admit the allegations of Paragraph 52 of Plaintiff's Complaint.

53.    These Defendants admit the allegations of Paragraph 53 of Plaintiff's Complaint.

54.    Defendants have insufficient information to admit or deny the allegations contained in Paragraph 54 of Plaintiff's Complaint and, therefore, deny the same.

55.    Defendants have insufficient information to admit or deny the allegations contained in Paragraph 55 of Plaintiff's Complaint and, therefore, deny the same.

56.    Defendants have insufficient information to admit or deny the allegations contained in Paragraph 56 of Plaintiff's Complaint and, therefore, deny the same.

57.    Defendants have insufficient information to admit or deny the allegations contained in Paragraph 57 of Plaintiff's Complaint and, therefore, deny the same.

58.    Defendants have insufficient information to admit or deny the allegations contained in Paragraph 58 of Plaintiff's Complaint and, therefore, deny the same.

59.    Defendants have insufficient information to admit or deny the allegations contained in Paragraph 59 of Plaintiff's Complaint and, therefore, deny the same.

60.    Defendants have insufficient information to admit or deny the allegations contained in Paragraph 60 of Plaintiff's Complaint and, therefore, deny the same.

61.    Defendants have insufficient information to admit or deny the allegations contained in Paragraph 61 of Plaintiff's Complaint and, therefore, deny the same.

62.    Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.    Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.    Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.    Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.    Defendants deny that Plaintiff is entitled to an injunction enjoining Defendants from letting Plaintiff's medical lapse in the future.

67. Defendants deny that Plaintiff is entitled to any damages, compensatory, punitive or other.

WHEREFORE, Defendants Butler, Schwarz and Oakley request the Court deny Plaintiff's request for injunctive relief, and further deny plaintiff all requested relief as Plaintiff has failed to state a claim upon which relief can be granted.

## COUNT III - DELAYED MEDICAL CARE

68-77. No response is made to this Count as it is not directed to these defendants.

## JURY DEMAND

These Defendants request a trial by jury.

## AFFIRMATIVE DEFENSES

**1.    Sovereign Immunity**

Plaintiff's claims for monetary damages against these Defendants in their official capacities are barred by the doctrine of sovereign immunity under the Eleventh Amendment.

**2.    Qualified Immunity**

At all times relevant herein, these Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly-established statutory or constitutional rights of which a reasonable person would have known. These Defendants are therefore protected from suit by the doctrine of qualified immunity.

**3.    Failure to Exhaust Administrative Remedies**

Plaintiff has failed to exhaust his administrative remedies prior to the initiation of this cause of action, therefore Plaintiff's claims are barred by the Prison Litigation Reform Act (42 U.S.C. § 1997).

WHEREFORE, for these reasons, Defendants respectfully request that this Court deny Plaintiff's requested relief.

Respectfully submitted,

KIM BUTLER, NEAL R. SCHWARZ, LORI OAKLEY, MARVIN BOCHANTIN, JACQUELINE LASHBROOK, DAWN MARCINKOWSKA AND DAVID L. DWIGHT.

Defendants,

LISA MADIGAN, Attorney General, State of Illinois,

Attorney for Defendants,

By:   s/ Christine McClimans
Christine G. McClimans, #6203209
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62701
Phone: (217) 782-1841
Fax: (217) 524-5091
E-Mail: cmcclimans@atg.state.il.us

Page **8** – Case No. 15-831

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

SCOTT HILDRETH, #N-94795,     )
       )
     Plaintiff,     )
       )
    -vs-     )     No. 15-831-NJR-DGW
       )
KIM BUTLER, et al.,     )
       )
     Defendants.     )

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2016, the foregoing document, <u>Answer and Affirmative Defenses</u>, was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Derek Ruzicka       ruzicka@pspclaw.com
    Kevin J. Adrian      kadrian@bjpc.com

and I hereby certify that on the same date, I caused a copy of the document to be mailed by United States Postal Service to the following non-registered participant:

    None

          By:   s/ Christine McClimans
             Christine G. McClimans, #6203209
             Assistant Attorney General
             500 South Second Street
             Springfield, Illinois  62701
             Phone: (217) 782-1841
             Fax: (217) 524-5091
             E-Mail: cmcclimans@atg.state.il.us