# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT HILDRETH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:15-CV-831-NJR-DGW |
| KIM BUTLER, LORI OAKLEY, MARVIN BOCHANTIN, DAWN MARCINKOWSKA, DAVID L. DWIGHT, WEXFORD HEALTH, JANE DOE, and LT. JOHN DOE, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 61), which recommends granting in part, denying in part, and finding moot in part the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Butler, Schwarz, Oakley, Bochantin, Lashbrook, Marcinkowska, and Dwight (Doc. 40) and denying the Motion for Summary Judgment filed by Defendant Wexford Health Sources, Inc. (Doc. 42). For the reasons explained below, the Court adopts Magistrate Judge Wilkerson's Report and Recommendation.

On April 13, 2016, Plaintiff Scott Hildreth filed a three-count Amended Complaint pursuant to 42 U.S.C. § 1983 (*see* Doc. 26), alleging Defendants violated his constitutional rights while he was an inmate at Menard Correctional Center. Specifically, Hildreth

claims Defendants Butler, Schwarz, Lashbrook, Oakley, Marcinkowska, and Dwight discriminated against him and denied him reasonable accommodations for his Parkinson's disease, in violation of the Americans with Disabilities Act and 42 U.S.C. § 1983 (Count 1); Defendants Butler, Schwarz, and Oakley failed to timely refill his necessary prescription medications, causing his symptoms to worsen as well as serious withdrawal side effects, in violation of the Eighth and Fourteenth Amendments (Count 2); and, Defendant Wexford maintained policies and customs that caused the violations in Count 2 (Count 3).

On September 29, 2016, Defendants Butler, Schwarz, Lashbrook, Oakley, Bochantin, Marcinkowska, and Dwight filed a motion for summary judgment on the issue of exhaustion of administrative remedies (Doc. 40). The following day, Defendant Wexford filed its own motion for summary judgment on the issue of exhaustion (Doc. 42). In their motions, Defendants argue that Hildreth failed to exhaust his administrative remedies prior to filing suit; thus, they are entitled to summary judgment.

On April 18, 2017, Magistrate Judge Wilkerson held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), and subsequently issued the Report and Recommendation currently before the Court. Objections to the Report and Recommendation were due on or before June 1, 2017. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). No objections were filed.

In the Report and Recommendation, Magistrate Judge Wilkerson found that Hildreth's July 7, 2012, April 8, 2014, October 25, 2014, October 30, 2014, and May 29,

2015 grievances were sufficiently exhausted, despite the fact that he did not appeal these grievances to the Administrative Review Board ("ARB"), because Hildreth received the relief he was requesting from prison officials. Since there was no further relief available, there was no requirement that Hildreth appeal those grievances. Magistrate Judge Wilkerson further found that Hildreth's November 16, 2015 grievance was sufficiently exhausted when Hildreth attempted to appeal the Warden's decision to the ARB one week after the Warden responded. Although the ARB did not receive the grievance until after the time period to appeal expired, Defendants presented no evidence that any delay in the receipt of the grievance was attributable to Hildreth.

Having found that Hildreth exhausted his administrative remedies with regard to these grievances, Magistrate Judge Wilkerson then examined whether the grievances sufficiently complained about the actions taken by Defendants in this lawsuit. Magistrate Judge Wilkerson found that Hildreth's May 29, 2015 grievance was sufficient to identify Defendants Oakley and Butler and, thus, exhaust his claim as to these Defendants in Count 1. The grievances did not, however, sufficiently identify or describe Defendants Marcinkowska or Dwight such that his claims against these Defendants were exhausted. Thus, Magistrate Judge Wilkerson recommended that Defendants Marcinkowska and Dwight be dismissed from this action without prejudice. [1]

Likewise, Magistrate Judge Wilkerson found that Hildreth failed to exhaust his claims as to Defendants Oakley and Butler in Count 2 when no grievance complained

---

[1] With regard to Defendants Schwarz and Lashbrook, Magistrate Judge Wilkerson recommended that the undersigned find their arguments moot because they were dismissed from this action subsequent to filing their motion for summary judgment on exhaustion (*see* Doc. 49). Magistrate Judge Wilkerson also recommended striking Defendant Bochantin's filings in this matter and finding his motion for summary judgment moot because the Amended Complaint sets forth no claims against him.

that these Defendants contributed to the delay in Hildreth's receipt of prescription medications. Therefore, Magistrate Judge Wilkerson recommended dismissing Count 2 without prejudice.

Finally, Magistrate Judge Wilkerson found that Hildreth's grievances dated April 8, 2014, October 25, 2014, and November 16, 2015 were sufficient to exhaust his claim in Count 3 against Defendant Wexford when a plain reading of the grievances indicates Hildreth was complaining about Wexford's insufficient policies regarding the distribution of medication.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While a *de novo* review is not required here, the Court has carefully reviewed the evidence and Magistrate Judge Wilkerson's Report and Recommendation for clear error. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson. Hildreth's May 29, 2015 grievance stated that Hildreth

had asked for assistance in filing for ADA accommodations and was refused/denied such help (Doc. 46-10). Because Defendants Oakley and Butler were the ones who refused/denied Hildreth's previous grievance asking for such help (Docs. 46-8, 46-9), Hildreth's May 29, 2015 grievance put these Defendants on notice about the complained of conditions. Because Defendants Marcinkowska and Dwight were not mentioned in the grievance, however, and because they had no hand in denying Hildreth's previous grievance related to his request for ADA accommodations, they were not put on notice of Hildreth's claims and, thus, are properly dismissed from this action. Similarly, no grievance complains that Defendants Oakley and Butler contributed to the delay in Hildreth's receipt of medical care for his Parkinson's disease. Thus, dismissal of Count 2 is appropriate. Finally, Hildreth's grievances regarding the lapses in his prescriptions for his Parkinson's disease were sufficient to put Wexford on notice that Hildreth was complaining about its policies for distributing prescription medication. (Docs. 43-4, 46-4, 46-6).

The Court finds no clear error in Magistrate Judge Wilkerson's Report and Recommendation. Thus, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 61) in its entirety and **GRANTS in part, DENIES in part, and finds MOOT in part** the Motion for Summary Judgment filed by Defendants Butler, Schwarz, Lashbrook, Oakley, Bochantin, Marcinkowska, and Dwight (Doc. 40). Count 1 is **DISMISSED without prejudice** as to Defendants Marcinkowska and Dwight, and Count 2 is **DISMISSED without prejudice** in its entirety. Furthermore, the Motion for Summary Judgment, as it pertains to Defendants Schwarz, Lashbrook, and Bochantin, is

**MOOT**. The Motion for Summary Judgment filed by Defendant Wexford Health Sources, Inc. (Doc. 42) is **DENIED**.

IT IS SO ORDERED.

DATED: **June 16, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**